1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LASHAWNELL CAYWOOD, et al.,

Plaintiff,

v.

WALMART, INC.,

Defendant.

CASE NO. C25-5779 BHS

ORDER

13    THIS MATTER is before the Court on pro se plaintiffs Lashawnell Caywood and

14    Tierik Yarbrough's (together "Caywood") motion to remand, Dkt. 7, and on defendant

15    Walmart's motion for direction from the Court, Dkt. 10.

16    Caywood's motion to remand recites it was filed "on her behalf" by "Competency

17    Paralegal Services LLC," which is not a law firm and whose principal, Theodore Rhone,

18    is not an attorney admitted to practice in this Court. Dkt. 7 at 4. Walmart's filing reflects

19    its concern that Caywood has engaged in the unauthorized practice of law and that

20    Rhone's involvement may "undermine" the settlement it reports it has reached with

21    Caywood directly. Dkt. 10 at 4.

22

Representing another person or entity in court is the practice of law. To practice law, one must be an attorney. RCW 2.48.170. Thus, Washington, like all federal courts, follows the common law rule that corporations appearing in court proceedings must be represented by an attorney. There is a pro se exception to this general rule, under which a person "'may appear and act in any court as his own attorney without threat of sanction for unauthorized practice.'" *Cottringer v. State, Dep't of Employment Sec.,* 162 Wn. App. 782, 787, (2011) (quoting *Wash. State Bar Ass'n v. Great W. Union Fed. Sav. & Loan Ass'n*, 91 Wn.2d 48, 56 (1978)).

The pro se exception is, however, extremely limited and applies "'only if the layperson is acting solely on his own behalf'" with respect to his own legal rights and obligations. *Cottringer,* 162 Wn. App. at 787–88 (quoting *Wash. State Bar Ass'n*, 91 Wn.2d at 57). Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him. *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966). He has no authority to appear as an attorney for anyone other than himself. *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962); *Collins v. O'Brien*, 208 F.2d 44, 45 (D.C. Cir. 1953), *cert. denied*, 347 U.S. 944 (1954).

Caywood's motion to remand, Dkt. 7, is procedurally improper because it was not filed by a plaintiff, or an attorney authorized to represent a plaintiff in this Court. It is also without substantive merit. It is **DENIED**.

Beyond pointing out that Rhone and his LLC are not authorized to practice law in this Court, the Court has no authority over the terms of the settlement Walmart has apparently reached with Caywood directly, and no advice on how Walmart should

consummate that settlement. If and when the settlement is complete, the parties or their attorney should advise the Court so that the case may be closed. The Court will not entertain filings from Rhone or his LLC. Beyond that, Walmart's motion for guidance, Dkt. 10, is **DENIED**.

IT IS SO ORDERED.

Dated this 10th day of November, 2025.

_____
BENJAMIN H. SETTLE
United States District Judge